IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| QUINTELLA BOHANNON,<br><br>*Plaintiff*,<br><br>v.<br><br>ERWIN TRANSPORTATION, LLC, EARL ROBERT ERWIN AND PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>*Defendants*. | Civil Action No.: |

### DEFENDANTS, ERWIN TRANSPORTATION, LLC, EARL ROBERT ERWIN AND PROGRESSIVE SPECIALTY INSURANCE COMPANY'S, BRIEF IN SUPPORT OF NOTICE OF REMOVAL

COMES NOW Defendants Erwin Transportation, LLC, Earl Robert Erwin and Progressive Specialty Insurance Company (hereinafter referred to as "Defendants", "Defendant Erwin Transportation", "Defendant Erwin" or "Defendant Progressive", respectively), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file their Brief in Support of their Notice of Removal, and show to the Court as follows:

### PROCEDURAL BACKGROUND

1. The Plaintiff, Quintella Bohannon, filed this cause of action in the State

Court of Fulton County, Georgia, on September 2, 2022, against the Defendants. (See Complaint and all other related Fulton County State Court filings attached hereto as Exhibit '4').

2.  The Plaintiff's Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for injuries that occurred in an accident on August 20, 2021. (See Plaintiff's Complaint, ¶¶ 28-31).

3.  Complete diversity exists in this case between the Plaintiff, a Georgia citizen and resident, and the Defendants. (See Plaintiff's Complaint, generally, ¶¶ 3-4; 11; 19).

4.  Defendant Erwin Transportation is an Alabama corporation with its principal place of business in Alabama. (See Plaintiff's Complaint ¶ 11; See Alabama Secretary of State Business Record attached hereto as Exhibit '1').

5.  Defendant Erwin is a citizen and resident of the State of Alabama. (See Plaintiff's Complaint ¶ 3).

6.  Defendant Progressive is an Ohio corporation with its principal place of business in Ohio. (See Plaintiff's Complaint ¶ 19; See Georgia Secretary of State Business Record attached hereto as Exhibit '2').

7.  The Plaintiff's Complaint included no specific monetary amount of the damages sought by the Plaintiff. (See generally Plaintiff's Complaint).

8. The Plaintiff made a pre-suit settlement demand upon the Defendants requesting payment of Two Hundred and Forty-Five Thousand Dollars, which is more than three times the amount in controversy required for removal to Federal Court. (See Plaintiff's May 26, 2022, Settlement Demand to the Defendants attached hereto as Exhibit '3').

9. This Notice of Removal is filed by the Defendants within thirty (30) days from the date on which this action became removable and within one year of the filing of the Plaintiff's Complaint.

10. Defendants represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (See Exhibit '4'). Defendants further represent to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

11. Defendants represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through Plaintiff's counsel of record, contemporaneous with this filing. (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as

Exhibit '5').

12. The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of Fulton County. No Defendant has heretofore sought similar relief in this action.

13. Defendant Progressive has prepared a proposed Answer to the Plaintiff's Complaint. (See Progressive's Answer attached hereto as Exhibit '6').

14. Defendant Erwin Transportation has prepared a proposed Answer to the Plaintiff's Complaint. (See Erwin Transportation's Answer attached hereto as Exhibit '7').

15. Defendant Erwin has prepared a proposed Answer to the Plaintiff's Complaint. (See Erwin's Answer attached hereto as Exhibit '8').

## ARGUMENT AND CITATION OF AUTHORITY

### A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of

different States…"

See 28 U.S.C. § 1332(a).

Defendants show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Defendants assert that the amount in controversy has clearly been met in this case as the Plaintiff has demanded a settlement of Two Hundred and Forty-Five Thousand Dollars from the Defendants, which is more than three times the amount in controversy requirement.

The Defendants state that this case is being removed within 30 days of the Defendants receiving information showing that the case is removable. Specifically, Defendant Progressive was the first served Defendant and was served with the Plaintiff's Complaint on September 6, 2022. (See generally Exhibit '4').

Accordingly, the Defendants state that this cause of action has been removed within 30 days of the Defendants receiving a "paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)(3).

1. **There is complete diversity.**

It is undisputed that there is complete diversity among the parties in this cause of action. Complete diversity exists in this case between the Plaintiff, a Georgia

citizens, and the Defendants. (See Plaintiff's Complaint, ¶¶ 1-3). Defendant Erwin Transportation is an Alabama corporation with its principal place of business in Alabama. (See Plaintiff's Complaint ¶ 11; See Alabama Secretary of State Business Record attached hereto as Exhibit '1'). Defendant Erwin is a citizen and resident of the State of Alabama. (See Plaintiff's Complaint ¶ 3). Defendant Progressive is an Ohio corporation with its principal place of business in Ohio. (See Plaintiff's Complaint ¶ 19; See Georgia Secretary of State Business Record attached hereto as Exhibit '2'). Accordingly, complete diversity exists in this cause of action such that removal is proper.

**2. The amount in controversy exceeds $75,000.00.**

The Plaintiff served a settlement demand upon the Defendants requesting a settlement in the amount of Two Hundred Forty-Five Thousand Dollars, which is more than three times the amount in controversy required for diversity removal to this Court. (See Exhibit '3').

Accordingly, the Defendants assert that the minimum amount in controversy has clearly been met in the instant case.

**B. Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.**

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b). It is well

settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court. <u>Williams v. Best Buy Co., Inc.</u>, 269 F. 3d 1316 (11th Cir. 2001). The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. § 1332.

As of this filing, the first served Defendant in this case was Progressive, which was served with the Plaintiff's Complaint on September 6, 2022, which is exactly 30 days prior to the removal of this case to this Court. Therefore, the Defendants assert that diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action, the amount in controversy has clearly been established by a preponderance of the evidence and this case is being removed within thirty (30) days of the the case becoming removable. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

WHEREFORE, the Defendants assert that pursuant to 28 U.S.C. § 1446 they have sought removal within thirty (30) days from the moment the action became

removable.  Accordingly, the Defendant respectfully requests that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446.  The Defendant further requests that this Court enter an Order REMOVING this action from the State Court for the County of Fulton, State of Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

This the 6th day of October, 2022.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*_____
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
Loren A. Rafferty, Esq.
Georgia Bar No.: 678355

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com
LRafferty@spgattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

    __x__    Electronically filing this document with CM/ECF which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

    __x__    Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

> Johnquel Neal, Esq.
> WLG Atlanta, LLC
> Bank of America Plaza
> 600 Peachtree Street, NE
> Suite 4010
> Atlanta, Georgia 30308

This 6th day of October, 2022.

> Shires, Peake & Gottlieb, LLC
>
> */s/ Kevin T. Shires*
> Kevin T. Shires
> State Bar No.: 643290

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com